**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| DARIO ANTONIO QUINCHI LOJA, | : | CIVIL ACTION |
| Petitioner, | : |  |
|  | : | No. 26-01518 |
| v. | : |  |
|  | : |  |
| FEDERAL DETENTION CENTER | : |  |
| PHILADELPHIA, et al., |  |  |
| Respondents. |  |  |

**ORDER**

**AND NOW**, this 11th day of March, 2026, upon consideration of Dario Antonio Quinchi

Loja's Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response (ECF

No. 7), it is hereby **ORDERED** that the Petition (ECF No.1) is **GRANTED** as follows:

1.    Mr. Quinchi Loja is not subject to detention under 8 U.S.C. § 1225(b)(2) [1];

2.    The Government shall **RELEASE** Mr. Quinchi Loja from custody immediately

and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00**

**p.m. ET on March 13, 2026**.

3.    If the Government chooses to pursue re-detention of Mr. Quinchi Loja pursuant to

8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond

hearing upon his request, where an Immigration Judge shall determine whether detention is

warranted pending the resolution of his removal proceedings;

4.    If the Government chooses to pursue re-detention of Mr. Quinchi Loja pursuant to

8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal

of Mr. Quinchi Loja from the Commonwealth of Pennsylvania before the ordered bond hearing.

If the Immigration Judge determines that Mr. Quinchi Loja is subject to detention under 8 U.S.C.

§ 1226(a), the Government may request permission from this Court to move Mr. Quinchi Loja if unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Mr. Quinchi Loja.

5.      The Clerk of Court shall mark this case closed.

**IT IS SO ORDERED**.

BY THE COURT:

*/s/ John Milton Younge*
**JOHN M. YOUNGE, J.**

---

[1]      The recitation of facts contained in this paragraph is drawn from Mr. Quinchi Loja's Petition for Writ of Habeas Corpus, ECF No. 1 ("Pet. for Habeas Corpus") and is not disputed by the Government for the purposes of resolving this Petition, ECF No. 7. Mr. Quinchi Loja is a native of Ecuador. Pet. for Habeas Corpus ¶ 9. Mr. Quinchi Loja entered the United States without inspection in 2020. *Id*. ¶ 3. He has lived in Hamilton, New Jersey with his wife and daughter for three years. *Id*. Mr. Quinchi Loja has no criminal record in the United States or anywhere else in the world. *Id*. He was arrested by ICE on a highway somewhere between Philadelphia and New Jersey while commuting for work and is now detained at the Philadelphia Federal Detention Center. *Id.* ¶ 1. A Notice to Appear was issued on March 9, 2026, and his removal proceedings are scheduled for March 19, 2026, before Immigration Judge Tamar Wilson. *Id*. ¶ 2.

Petitioner argues that his detention is a violation of the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, 8 U.S.C. § 1226(a), Bond Regulations, 8 C.F.R. §§ 236.1, 1236.1, 1003.19, and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq*. The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than non-citizens who are already in the United States pending the outcome of immigration proceedings. The Government argues that the Court should deny the Petition because (1) this Court lacks jurisdiction to intervene in Petitioner's removal proceedings, (2) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Petitioner's detention does not violate Constitutional due process requirements. ECF No. 6.

The Government candidly acknowledges that the substantial weight of district court authority has rejected its arguments and that the primary purpose of the Government's briefing is to tee up a potential appeal. *Id.* at 1–2 (noting that the 46 decisions on these issues in this district have unanimously rejected the Government's arguments); *see also Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that of 288

district court decisions from across the country to have addressed the Government's interpretation of the Immigration and Nationality Act, all but six have rejected the Government's argument.)

The Court finds no reason to reiterate the reasoned analyses thoroughly and appropriately rejecting the Government's positions. *See e.g.*, *Demirel*, 2025 WL 3218243; *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025). Mr. Quinchi Loja's is not subject to 8 U.S.C. § 1225(b)(2), and thus his detention without the opportunity for a bail hearing is unlawful.